ACTION of replevin for goods and chattels taken by the defendant, as sheriff of the county, on an attachment for rent at the suit of William Ware against John H. Roberts, the plaintiff, payable quarterly, three quarters then being due and *Page 462 
amounting to one hundred and twelve dollars and fifty cents. In his plea the defendant justified the taking of the goods under the attachment. Heard before Wootten and Houston, Judges, Comegys, C. J., absent.
The premises were situated in Delaware City. Ware, the landlord, resided in Philadelphia, and the attachment was for three quarters of the rent for the rental year of 1877, which commenced on the 25th day of March in that year. Roberts, the plaintiff, was tenant of the premises during the preceding year, and as such prepared a written notice dated and signed by him on the 24th day of December, 1876, and inclosed it in an envelope and addressed it to Ware in Philadelphia, and mailed it that day in the post-office at Delaware City, of his intention to leave and vacate the premises on the 25th day of March following, and by due course of mail it should have reached the post-office in Philadelphia the same day late in the afternoon. The next day was Sunday, and Christmas Day, and it was admitted that it was not delivered to Ware until one o'clock P. M. on Monday, the 26th day of December, 1876, at the post-office in Philadelphia. The goods were removed from the premises and the same were vacated by the plaintiff on the 25th of March 1877, pursuant to the notice, and he refused to pay rent for them after that date. The goods were afterward attached at the suit of Ware and were replevied by Roberts, the plaintiff, as before stated.
J. H. Rodney, for the plaintiff: There is no provision in the statute except the general one prescribing three months' notice in writing by either the landlord or the tenant, the one to the other, of their intention, as the case may be, of terminating the renting at the close of the rental year, and that makes no distinction between a resident and a non-resident landlord; but as Mr. Ware, the landlord in this case, resided in Philadelphia, only a few hours' run on the railroad and by the usual and due course of the mail from Delaware City, he contended that the service of the written notice by the tenant in this case should be held to be a sufficient notice and given in time under the circumstances, in analogy to the well-settled principle of law in regard to giving *Page 463 
notice by letter through the mail of the protest of a negotiable promissory note to an indorser of it, as it was analogous in some respects at least to such a commercial requirement of the law.
Cummins, for the defendant: The statute simply says: "If there be a demise for a term of one or more years, and three months or upward before the end of the term either the landlord do not give notice in writing to the tenant in possession to remove or the tenant do not give like notice to the landlord of his intention to remove from the demised premises, the term shall be extended for another year, for which the tenant shall pay the rent and all the stipulations of the demise shall continue in force." Rev.Code 707, sec. 4. No distinction is made in it between a resident and a non-resident landlord, nor is there any qualification in the simple and direct terms of it that can admit of the construction that when the landlord resides out of the State the notice in writing may be transmitted to him by mail, provided it can reach him the same day by due course of mail, and if that be done it shall be assumed that the notice in writing was given him in time.
The Court,
That the words and requirements of the statute in relation to such notices were both directory and peremptory in their meaning and character, and had always received, as they should, a strict construction in the application of them, and as they clearly imported that either party to the lease or demise for one or more years, intending to terminate it at the end of the term, shall give at least three months before it actual notice thereof in writing to the other, there could be no room or ground in law for any such construction of the statutory provision in this case as had been contended for by the counsel for the plaintiff under the facts and circumstances proved, and about which there was no controversy or dispute. Their verdict should consequently be for the defendant. *Page 464